IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RAYMOND L. AND TERRYLL ANN WALLS, AS CO-TRUSTEES OF THE RAYMOND L. WALLS AND TERRYLL ANN WALLS DECLARATION OF TRUST DATED MAY 30, 2002, AS AMENDED JULY 18, 2013, | ) ) ) ) ) | |
| Plaintiffs, | ) | |
| vs. | ) | No. 1:16-cv-4048 |
| | ) | |
| VRE CHICAGO ELEVEN, LLC, VERDAD REAL ESTATE, INC., EXP REALTY ADVISORS, INC., TARTAN REALTY GROUP, INC., and BAKER MONROE PLLC | ) ) ) ) ) | |
| Defendants. | ) ) | |
| VERDAD REAL ESTATE, INC., and VRE CHICAGO ELEVEN, LLC, | ) ) ) | |
| Third-Party Plaintiffs, | ) ) ) | |
| vs. | ) | |
| MARK A. REINSCH, MARK A. REINSCH, P.A., DTZ AMERICAS, INC., CUSHMAN & WAKEFIELD, INC., and MATTHEW MCNEILL, | ) ) ) ) ) ) | |
| Third-Party Defendants. | ) ) | |

**FIRST AMENDED THIRD-PARTY COMPLAINT FOR CONTRIBUTION**

NOW COME Defendants / Third-Party Plaintiffs, VRE CHICAGO ELEVEN, LLC and

VERDAD REAL ESTATE, INC. (collectively, the "Verdad Defendants"), by and through their

attorneys, PAIGE M. NEEL, RODD E. ELGES, and CLAUSEN MILLER, P.C., and for their

First Amended Third-Party Complaint for Contribution, with no prejudice to the contentions,

admissions and denials in their Answer, and pleading in the alternative, state as follows:

1632019

### The Parties

1.  Defendant / Third-Party Plaintiff VRE Chicago Eleven, LLC ("VRE Chicago") is a Texas Corporation with its principal place of business in Southlake, Texas.

2.  Defendant / Third-Party Plaintiff Verdad Real Estate, Inc. ("Verdad") is a Texas Corporation with its principal place of business in Southlake, Texas.

3.  Third-Party Defendant Cushman & Wakefield, Inc. is a New York corporation with its principal place of business in Chicago, Illinois.

4.  Third-Party Defendant Matthew McNeill is a citizen of California. The Court may exercise personal jurisdiction over McNeill because McNeill purposefully established minimum contacts with Illinois and should have reasonably anticipated being haled into court Illinois where he: (a) acted as the Plaintiffs' broker in connection with the sale of real estate which forms the basis of this action, (b) transacted business in Illinois in connection with the transaction from which this action arises, (c) was involved with the making of a contract that was premised on the purchase of property within Illinois, and (d) committed tortious acts and omissions which caused harm in Illinois. The foregoing facts satisfy Illinois' long-arm statute and exercise of personal jurisdiction over McNeill comports with constitutional due process.

5.  Third-Party Defendant Mark A. Reinsch ("Reinsch") is a citizen of Florida. The Court may exercise personal jurisdiction over Reinsch because Reinsch purposefully established minimum contacts with Illinois and should have reasonably anticipated being haled into court Illinois where he: (a) acted as the Plaintiffs' attorney in connection with the sale of real estate which forms the basis of this action, (b) transacted business in Illinois in connection with the transaction from which this action arises, (c) purposefully availed himself of Illinois law by being involved with the making of a contract that was premised on the purchase of property

2

located in Illinois, (d) by drafting a purchase agreement targeting land within the state and with future consequences within the state; (e) by contacting DTZ Americas, an Illinois-based entity as a part of their activities; (f) by failing to observe customer traffic levels at the Illinois property and whether it could support existing rent rates; (g) by failing to obtain advice from a local Illinois market expert to ensure fair value and investigate comparable rent rates within Illinois; (h) and by otherwise by failing to perform due diligence with respect to the Illinois property; and (i) committed tortious acts and omissions which caused harm in Illinois. . More specifically, at all times relevant to the Third Party Complaint, Third-Party Defendant Mark A. Reinsch served as legal counsel for Plaintiffs Raymond L. and Terryll Ann Walls, as Co-Trustees of the Raymond L. Walls and Terryll Ann Walls Declaration of Trust Dated May 30, 2002, as Amended July 18, 2013, regarding the purchase of property located at 5852 S. Western Ave. in Chicago, Illinois. Based upon information and belief, while serving as the Plaintiff's legal counsel, Third-Party Defendant Mark A. Reinsch, was in contact with DTZ Americas, Inc. (now Cushman & Wakefield, Inc.) and Matthew McNeill, the Plaintiffs' real estate brokers, during the negotiation of the purchase agreement for 5852 S. Western Ave. in Chicago, Illinois. Third-Party Defendant Mark A. Reinsch's work for the Plaintiff's was performed in consultation with their real estate brokers and entailed the negotiation, preparation, execution, and effectuation of a purchase agreement purposefully directed at the transfer of legal ownership of commercial real estate located within Illinois. As the Plaintiff's attorney, Third-Party Defendant Mark A. Reinsch was required to exercise a familiarity with Illinois laws concerning the property, perform an investigation of the subject Illinois property, its franchise and rent value, and its foot traffic, procure a local Illinois agent expertise on property, franchise and rent value, and local expertise on the subject property and comparable Illinois properties. The culmination of the

3

1632019

transaction between the Plaintiffs and Third-Party Plaintiffs was premised upon the transfer of legal title and control of property in reliance upon Illinois law.  The foregoing facts satisfy Illinois' long-arm statute and exercise of personal jurisdiction over Reinsch comports with constitutional due process.

6.      Third-Party Defendant Mark A. Reinsch, P.A. is a Florida professional association. The Court may exercise personal jurisdiction over Mark A. Reinsch, P.A. because Mark A. Reinsch, P.A. purposefully established minimum contacts with Illinois and should have reasonably anticipated being haled into court Illinois where it: (a) acted as the Plaintiffs' attorney in connection with the sale of real estate which forms the basis of this action, (b) transacted business in Illinois in connection with the transaction from which this action arises, (c) purposefully availed itself of Illinois law by being involved with the making of a contract that was premised on the purchase of property within Illinois, (d) by drafting a purchase agreement targeting land within the state and with future consequences within the state; (e) by contacting DTZ Americas, an Illinois-based entity as a part of their activities; (f) by failing to observe customer traffic levels at the Illinois property and whether it could support existing rent rates; (g) by failing to obtain advice from a local Illinois market expert to ensure fair value and investigate comparable rent rates within Illinois; (h) and by otherwise by failing to perform due diligence with respect to the Illinois property; and (i) committed tortious acts and omissions which caused harm in Illinois.  More specifically, at all times relevant to the Third Party Complaint, Third-Party Defendant Mark A. Reinsch, P.A served as legal counsel for Plaintiffs Raymond L. and Terryll Ann Walls, as Co-Trustees of the Raymond L. Walls and Terryll Ann Walls Declaration of Trust Dated May 30, 2002, as Amended July 18, 2013, regarding the purchase of property located at 5852 S. Western Ave. in Chicago, Illinois.  Based upon information and belief, while

4

1632019

serving as the Plaintiff's legal counsel, Third-Party Defendant Mark A. Reinsch, P.A. was in contact with DTZ Americas, Inc. (now Cushman & Wakefield, Inc.) and Matthew McNeill, the Plaintiffs' real estate brokers, during the negotiation of the purchase agreement for 5852 S. Western Ave. in Chicago, Illinois. Third-Party Defendant Mark A. Reinsch, P.A.'s work for the Plaintiff's performed in consultation with their real estate brokers and entailed the negotiation, preparation, execution, and effectuation of a purchase agreement purposefully directed at the transfer of legal ownership of commercial real estate located within Illinois. As the Plaintiff's attorney, Third-Party Defendant Mark A. Reinsch was required to exercise a familiarity with Illinois laws concerning the property, perform an investigation of the subject Illinois property, its franchise and rent value, and its foot traffic, procure a local Illinois agent expertise on property, franchise and rent value, and local expertise on the subject property and comparable Illinois properties. The culmination of the transaction between the Plaintiffs and Third-Party Plaintiffs was premised upon the transfer of legal title and control of property in reliance upon Illinois law. The culmination of the transaction between the Plaintiffs and Third-Party Plaintiffs was premised upon the transfer of legal title and control of property in reliance upon Illinois law. The foregoing facts satisfy Illinois' long-arm statute and exercise of personal jurisdiction over Reinsch comports with constitutional due process.

7. Third-Party Defendant, DTZ Americas, Inc. is an Illinois corporation with its principal place of business located in Chicago, Illinois. Upon information and belief, DTZ Americas, Inc. was acquired by Cushman & Wakefield, Inc.

1632019

**Jurisdiction and Venue**

8.     This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

9.     This Court has supplemental jurisdiction over these claims under 28 U.S.C. § 1367 because the third-party claims arise from the same case and controversy has the Plaintiffs' claims against VRE Chicago and Verdad.

10.     Venue is proper pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to this dispute occurred in this district.

**Facts Common To All Counts**

11.     On July 27, 2017, Plaintiffs Raymond L. and Terryll Ann Walls, as Co-Trustees of the Raymond L. Walls and Terryll Ann Walls Declaration of Trust Dated May 30, 2002, as Amended July 18, 2013 ("Plaintiffs") filed a Second Amended Complaint alleging negligence on the part of VRE Chicago and Verdad for damages they allegedly sustained in regard to Plaintiffs' purchase of property located at 5852 S. Western Ave. in Chicago, Illinois (the "Property").

12.     Plaintiffs specifically claim that VRE Chicago and Verdad negligently misrepresented and negligently omitted certain information regarding the Property prior to the sale of the Property to the Plaintiffs.

13.     Plaintiffs' Second Amended Complaint asserts causes of action for fraudulent inducement-misrepresentations, fraudulent inducement-omissions, negligent misrepresentation-affirmative statements, negligent misrepresentation-omissions, and civil conspiracy against VRE Chicago and Verdad.

6

1632019

14. In connection with Plaintiffs' purchase of the Property, Plaintiffs retained and consulted with their own real estate brokers, DTZ Americas, Inc. (now Cushman & Wakefield, Inc.) and Matthew McNeill, and their own attorneys, Mark A. Reinsch, P.A. and Mark A. Reinsch.

15. At all relevant times DTZ Americas, Inc. (now Cushman & Wakefield, Inc.) and Matthew McNeill acted as Plaintiffs' brokers in connection with the purchase of the Property that is the subject of this litigation.

16. At all relevant times Mark A. Reinsch, P.A. and Mark A. Reinsch were Plaintiffs' attorneys and acted as counsel for Plaintiffs in connection with the purchase of the Property that is the subject of this litigation.

17. Through its agents and employees, Cushman & Wakefield, Inc., DTZ Americas, Inc., and Matthew McNeill were responsible for advising and offering brokerage services to the Plaintiffs in regard to the purchase of the Property.

18. Mark A. Reinsch, P.A. and Mark A. Reinsch were responsible for advising and offering legal services and advice to the Plaintiffs in regard to the purchase of the Property.

### COUNT I – THIRD PARTY COMPLAINT FOR CONTRIBUTION AGAINST CUSHMAN & WAKEFIELD, INC., DTZ AMERICAS, INC., and MATTHEW MCNEILL

19. Paragraphs 1 through 19 are incorporated by this reference as though set forth in full herein.

20. At all times relevant hereto, Cushman & Wakefield, Inc., DTZ Americas, Inc., and Matthew McNeill had a duty to exercise reasonable care in instructing, advising, consulting, and offering brokerage services to the Plaintiffs in regard to the purchase of the Property.

7

21. At all times relevant hereto, Cushman & Wakefield, Inc., DTZ Americas, Inc., and Matthew McNeill had a duty to exercise reasonable care in ensuring Plaintiffs and their agents, brokers, and attorneys had sufficiently completed their own due diligence prior to closing on the Property.

22. At all times relevant hereto, Cushman & Wakefield, Inc., DTZ Americas, Inc., and Matthew McNeill had a duty to exercise reasonable care in ensuring all information, facts, and due diligence materials provided by the seller and the seller's agents in regard to the Property were complete and accurate.

23. Subject to and without waiving the Verdad Defendants' position that they did not commit fraud or negligent misrepresentation or engage in any other wrongful conduct, the Verdad Defendants assert, in the alternative, that they are entitled to contribution from Cushman & Wakefield, Inc., DTZ Americas, Inc., and Matthew McNeill for any liability that may be found to exist from the Verdad Defendants to Plaintiffs. In this regard, the Verdad Defendants allege that notwithstanding the above-mentioned duties, Cushman & Wakefield, Inc., DTZ Americas, Inc., and Matthew McNeill, by and through their agents, servants, and employees, committed one or more of the following negligent acts and/or omissions:

   a. Failed to determine, research, investigate, and advise Plaintiffs regarding the accuracy of the brochure used to market the Property that represented the financial condition of FS1;

   b. Failed to determine, research, investigate, and advise Plaintiffs regarding the accuracy of Defendants' alleged representations that Frontier Star or FS1 was, and would be, the tenant of the Property; that the tenant of the Property operated 22 KFC restaurants in the Chicago Market; and that the tenant of the Property was one of the largest multi-unit franchise restaurant operators with over 200 locations;

   c. Failed to determine, research, investigate, and advise Plaintiffs regarding the accuracy of the offering circular for the Property as it relates to its rental income;

8

d.   Failed to determine, research, investigate, and advise Plaintiffs regarding the accuracy of Defendants' alleged representation(s) that the Property was doing so well as a KFC restaurant, thereby implying that the Property was generating sales, revenue and net operating income sufficient to support ongoing payment of rent at the levels provided for in the February 27, 2015 lease;

e.   Failed to determine, research, investigate, and advise Plaintiffs regarding the accuracy of Defendants' alleged representation that the franchise agreement with KFC relating to the Property prohibited financial statements and sales data pertaining to the Property from being disclosed to Plaintiffs;

f.   Failed to advise Plaintiffs the February 27, 2015 lease allegedly provided for payment of rent at a level higher than the rent under the previous lease, higher than the fair market rental value of the Property, and higher than what a KFC franchisee operating at the Property could expect to be able to pay out of operating revenues;

g.   Failed to determine whether the rent level set forth in the February 27, 2015 lease allegedly was set in order to induce a buyer to pay a purchase price for the Property substantially higher than its fair market value;

h.   Failed to investigate, research, determine, and advise Plaintiffs regarding whether from and after February 27, 2015, there allegedly was no reasonable expectation that the Property could or would generate rental income at the levels allegedly represented in the offering circular of $171,000 per year for the first five years and even higher amounts in later lease years;

i.   Failed to investigate, research, determine, and advise Plaintiffs regarding Frontier Star and its affiliated entities' allegedly precarious financial position and potential bankruptcy;

j.   Failed to identify and advise Plaintiffs regarding MJC's alleged inability to make the minimum rent payments called for in the February 27, 2015 lease, and alleged desire and need to attempt to negotiate a severe reduction in rent, from $171,000 per year to $70,000 per year;

k.   Failed to investigate, research, determine, and advise Plaintiffs regarding the fact that MJC allegedly had no track record as a KFC franchisee;

l.   Failed to identify, determine, investigate, and/or request financial statements and sales data relating specifically to the Property, which allegedly would have reflected that payment of rent at the levels provided for in the February 27, 2015 lease was not sustainable;

9

1632019

      m.     Failed to sufficiently complete the due diligence process and obtain all information necessary prior to the Plaintiffs' purchase;

      n.     Failed to advise and omitted disclosure of information material to the purchase of the Property prior to Plaintiffs' purchase of the Property; and/or

      o.     was otherwise careless or negligent.

24.     As a proximate result of one or more of the aforesaid negligent acts and/or omissions committed by Cushman & Wakefield, Inc., DTZ Americas, Inc., and Matthew McNeill, Plaintiffs allegedly suffered damages.

25.     At all relevant times herein, there was in full force and effect an Act known as the Contribution Among Joint Tortfeasors Act, 740 I.L.C.S. § 100/1 et. seq., which provides for contribution according to relative culpability when two or more entities may be subject to liability arising from the same injury or injuries.

26.     Without waiving VRE Chicago and Verdad's denials as to liability and pleading in the alternative, if a verdict is entered in favor of Plaintiffs, and against VRE Chicago and Verdad, then VRE Chicago and Verdad are entitled to contribution from Cushman & Wakefield, Inc., DTZ Americas, Inc., and Matthew McNeill, in an amount commensurate with Cushman & Wakefield, Inc., DTZ Americas, Inc., and Matthew McNeill's pro-rata share of fault pursuant to the Joint Tortfeasor Contribution Act.

WHEREFORE, Defendants / Third-Party Plaintiffs VRE Chicago and Verdad, pray that if judgment is entered in favor of Plaintiffs, and against them, then judgment be entered in their favor and against Third-Party Defendants, Cushman & Wakefield, Inc., DTZ Americas, Inc., and Matthew McNeill, on this Third-Party Complaint in an amount by way of contribution as would be commensurate with the degree of fault attributable to Third-Party Defendants, Cushman & Wakefield, Inc., DTZ Americas, Inc., and Matthew McNeill, to the maximum limits allowable

1632019

by law.  The Verdad Defendants further pray for such other and further relief to which they show themselves justly entitled.

## COUNT II – THIRD PARTY COMPLAINT FOR CONTRIBUTION AGAINST MARK A. REINSCH, P.A. AND MARK A. REINSCH

27.     Paragraphs 1 through 27 are incorporated by this reference as though set forth in full herein.

28.     At all times relevant hereto, Mark A. Reinsch, P.A. and Mark A. Reinsch had a duty to exercise reasonable care in instructing, advising, consulting, and offering legal services to the Plaintiffs in regard to the purchase of the Property.

29.     At all times relevant hereto, Mark A. Reinsch, P.A. and Mark A. Reinsch had a duty to exercise reasonable care in ensuring Plaintiffs and their agents, and brokers had sufficiently completed their own due diligence prior to closing on the Property.

30.     At all times relevant hereto, Mark A. Reinsch, P.A. and Mark A. Reinsch had a duty to exercise reasonable care in ensuring all information, facts, and due diligence materials provided by the seller and the seller's agents in regard to the Property were complete and accurate.

31.     At all times relevant hereto, Mark A. Reinsch, P.A. and Mark A. Reinsch had a duty to carry out his responsibilities as Plaintiffs' attorneys in accordance with Illinois laws concerning the Property.

32.     At all times relevant hereto, Mark A. Reinsch, P.A. and Mark A. Reinsch had a duty to perform an investigation of the subject Illinois property and its foot traffic.

33.     At all times relevant hereto, Mark A. Reinsch, P.A. and Mark A. Reinsch had a duty to procurement of local Illinois agent expertise on property, franchise and rent value, and local expertise on the subject property and comparable Illinois properties.

11

1632019

34.    Subject to and without waiving the Verdad Defendants' position that they did not commit fraud or negligent misrepresentation or engage in any other wrongful conduct, the Verdad Defendants assert, in the alternative, that they are entitled to contribution from Mark A. Reinsch, P.A. and Mark A. Reinsch for any liability that may be found to exist from the Verdad Defendants to Plaintiffs.  In this regard, the Verdad Defendants allege that notwithstanding these duties, Mark A. Reinsch, P.A. and Mark A. Reinsch, by and through their agents, owners, officers, servants, and employees, committed one or more of the following negligent acts and/or omissions:

a.    Failed to determine, research, investigate, and advise Plaintiffs regarding the accuracy of the brochure used to market the Property that represented the financial condition of FS1;

b.    Failed to determine, research, investigate, and advise Plaintiffs regarding the accuracy of Defendants' alleged representations that Frontier Star or FS1 was, and would be, the tenant of the Property; that the tenant of the Property operated 22 KFC restaurants in the Chicago Market; and that the tenant of the Property was one of the largest multi-unit franchise restaurant operators with over 200 locations;

c.    Failed to determine, research, investigate, and advise Plaintiffs regarding the accuracy of the offering circular for the Property as it relates to its;

d.    Failed to determine, research, investigate, and advise Plaintiffs regarding the accuracy of Defendants' alleged representation(s) that the Property was doing so well as a KFC restaurant, thereby implying that the Property was generating sales, revenue and net operating income sufficient to support ongoing payment of rent at the levels provided for in the February 27, 2015 lease;

e.    Failed to determine, research, investigate, and advise Plaintiffs regarding the accuracy of Defendants' alleged representation that the franchise agreement with KFC relating to the Property prohibited financial statements and sales data pertaining to the Property from being disclosed to Plaintiffs;

f.    Failed to advise Plaintiffs the February 27, 2015 lease allegedly provided for payment of rent at a level higher than the rent under the previous lease, higher than the fair market rental value of the Property, and higher than what a KFC franchisee operating at the Property could expect to be able to pay out of operating revenues;

12

1632019

g.  Failed to determine whether the rent level set forth in the February 27, 2015 lease allegedly was set in order to induce a buyer to pay a purchase price for the Property substantially higher than its fair market value;

h.  Failed to investigate, research, determine, and advise Plaintiffs regarding whether from and after February 27, 2015, there allegedly was no reasonable expectation that the Property could or would generate rental income at the levels allegedly represented in the offering circular of $171,000 per year for the first five years and even higher amounts in later lease years;

i.  Failed to investigate, research, determine, and advise Plaintiffs regarding Frontier Star and its affiliated entities' allegedly precarious financial position and potential bankruptcy;

j.  Failed to identify and advise Plaintiffs regarding MJC's alleged inability to make the minimum rent payments called for in the February 27, 2015 lease, and alleged desire and need to attempt to negotiate a severe reduction in rent, from $171,000 per year to $70,000 per year;

k.  Failed to investigate, research, determine, and advise Plaintiffs regarding the fact that MJC allegedly had no track record as a KFC franchisee;

l.  Failed to identify, determine, investigate, and/or request financial statements and sales data relating specifically to the Property, which allegedly would have reflected that payment of rent at the levels provided for in the February 27, 2015 lease was not sustainable; and/or

m.  Failed to sufficiently complete the due diligence process and obtain all information necessary prior to the Plaintiffs' purchase;

n.  Failed to advise and omitted disclosure of information material to the purchase of the Property prior to Plaintiffs' purchase of the Property; and/or

o.  Failed to observe customer traffic levels at the Illinois property and whether it could support existing rent rates;

p.  Failed to obtain advice from a local Illinois market expert to ensure fair value and investigate comparable rent rates within Illinois;

q.  Failed to perform due diligence with respect to the Illinois property.

r.  was otherwise careless or negligent.

35.  As a proximate result of one or more of the aforesaid negligent acts and/or omissions committed by Mark A. Reinsch, P.A. and Mark A. Reinsch, Plaintiffs allegedly suffered damages stemming solely from the Illinois Property.

13

1632019

36.     At all relevant times herein, there was in full force and effect an Act known as the Contribution Among Joint Tortfeasors Act, 740 I.L.C.S. § 100/1 et. seq., which provides for contribution according to relative culpability when two or more entities may be subject to liability arising from the same injury or injuries.

37.     Without waiving VRE Chicago and Verdad's denials as to liability and pleading in the alternative, if a verdict is entered in favor of Plaintiffs, and against VRE Chicago and Verdad, then VRE Chicago and Verdad are entitled to contribution from Mark A. Reinsch, P.A. and Mark A. Reinsch, in an amount commensurate with Mark A. Reinsch, P.A. and Mark A. Reinsch's pro-rata share of fault pursuant to the Joint Tortfeasor Contribution Act.

WHEREFORE, Defendants / Third-Party Plaintiffs VRE Chicago and Verdad, pray that if judgment is entered in favor of Plaintiffs, and against them, then judgment be entered in their favor and against Third-Party Defendants, Mark A. Reinsch, P.A. and Mark A. Reinsch, on this Third-Party Complaint in an amount by way of contribution as would be commensurate with the degree of fault attributable to Third-Party Defendants, Mark A. Reinsch, P.A. and Mark A. Reinsch, to the maximum limits allowable by law.  The Verdad Defendants further pray for such other and further relief to which they show themselves justly entitled.


                                                        */s/Rodd E. Elges*
                                                        CLAUSEN MILLER P.C.

PAIGE M. NEEL (6279324)
RODD E. ELGES (6244471)
CLAUSEN MILLER P.C.
10 S. LaSalle Street
Chicago, IL  60603-1098
Ph: 312.855.1010
Fax: 312.606.7777
pneel@clausen.com
relges@clausen.com
*Attorneys for Defendants VRE Chicago Eleven, LLC and Verdad Real Estate, Inc.*


14

1632019

## CERTIFICATE OF SERVICE AND NOTICE OF ELECTRONIC FILING

The undersigned hereby certifies that a true and correct copy of the forgoing document was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record on October 18, 2018

Respectfully submitted,

*/s/Rodd E. Elges*

PAIGE M. NEEL (6279324)
RODD E. ELGES (6244471)
CLAUSEN MILLER P.C.
10 S. LaSalle Street
Chicago, IL  60603-1098
Ph: 312.855.1010
Fax: 312.606.7777
pneel@clausen.com
relges@clausen.com
*Attorneys for Defendants VRE Chicago Eleven, LLC and Verdad Real Estate, Inc.*

15

1632019