UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RAYMOND L. and TERRYLL ANN WALLS, as Co-Trustees of the RAYMOND L. WALLS AND TERRYLL ANN WALLS DECLARATION OF TRUST DATED MAY 30, 2002, AS AMENDED JULY 18, 2013, | ) ) ) ) ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | No. 16-cv-4048 |
| VRE CHICAGO ELEVEN, LLC, VERDAD REAL ESTATE, INC., EXP REALTY ADVISORS, INC., TARTAN REALTY GROUP, INC., BAKER MONROE PLLC, B. JASON KEEN, ROBERT J. MOORHEAD, RUSSELL SMITH, CHRIS BAKER, JUSTIN HUSTON, VPC CHICAGO11, LLC, VESTAPOINT CAPITAL II LLC, AARON STEARNS, and MATT LANGFIELD, | ) ) ) ) ) ) ) ) ) ) ) ) | Judge Thomas M. Durkin |
| *Defendants.* | ) ) ) | |
| VERDAD REAL ESTATE, INC., and VRE CHICAGO ELEVEN, LLC, | ) ) ) | |
| *Third-Party Plaintiffs*, | ) ) | |
| v. | ) ) | |
| MARK A. REINSCH, MARK A. REINSCH, P.A., DTZ AMERICAS, INC., CUSHMAN & WAKEFIELD, INC., and MATTHEW MCNEILL, | ) ) ) ) ) ) | |
| *Third-Party Defendants.* | ) | |

# MEMORANDUM OPINION AND ORDER

Before the Court is the Baker Monroe defendants' motion to reconsider the Court's ruling on their motion to dismiss, or in the alternative, to certify a question of law for an immediate appeal. The Court has reviewed the motion (R. 210, 211) and the additional memorandum defendants submitted pursuant to this Court's order on October 23, 2018 (R. 214). The Court continues to find that an exercise of personal jurisdiction over the Baker Monroe defendants comports with the due process considerations of the Fourteenth Amendment.

A court may exercise jurisdiction over a nonresident defendant if that defendant has "certain minimum contacts" with the state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Since *International Shoe*, the Supreme Court has provided guidelines for what constitutes "minimum contacts" for courts exercising jurisdiction over nonresident defendants. Most recently, courts have explained that a defendant's "minimum contacts" with the state must arise out of contacts that the defendant *himself* creates with the forum state *itself*, and cannot be based solely on plaintiff's contacts with the forum or on defendant's contacts with persons who reside in the forum state. *See Walden v. Fiore,* 571 U.S. 277, 284 (2014). The Baker Monroe defendants compare their case to cases dismissing defendants for lack of personal jurisdiction under *Walden* because defendants' only connection to the forum was their contact with or impact on third parties who reside in the forum.[1]

But this case implicates a simpler notion of personal jurisdiction, based on the defendant's contacts with the forum state itself. The Supreme Court in *Walden* did nothing to alter the basic principle that courts may exercise personal jurisdiction over defendants who have "purposefully 'reach[ed] out beyond' their state and into another by, for example, entering a contractual relationship that 'envisioned continuing and wide-reaching contacts' in the forum state, . . . or by circulating magazines to 'deliberately exploi[t]' a market in the forum state." *Id.* at 285 (citations omitted). In those cases, as the *Walden* Court explained, physical entry is not a prerequisite. *Id.*

Physical entry into Illinois by the Baker Monroe defendants would make this an easier case, but it is not necessary to find the exercise of personal jurisdiction appropriate here. The crux of the jurisdictional inquiry is whether the defendant's own actions connect him to the forum state itself, and not simply to a plaintiff who resides there. *See id.* at 290 ("The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way."). In *Calder v. Jones,* 465 U.S. 783 (1984), that conduct was writing an article with a "California focus" "for publication in California that was read by a large number of California citizens." *Walden,* 571 U.S. at 288. The article "connected the defendants to

---

[1] For this reason, both *Ariel Investments, LLC v. Ariel Capital Advisors LLC*, 881 F.3d 520 (7th Cir. 2018) and *Monco v. Zoltek*, 2018 WL 4538728 (N.D. Ill. Sept. 21, 2018), where the only connection to Illinois were the plaintiffs, are inapplicable.

California, not just to the plaintiff." *Id.* Like in *Calder*, committing fraud involving several Illinois properties undoubtedly connects the Baker Monroe defendants to Illinois itself, not to plaintiffs or third parties located in the state. For this reason, the motion to reconsider is denied.

The Court notes that the Baker Monroe defendants misconstrue the portion of the Court's previous opinion addressing Reinsch, the attorney who represented plaintiffs in the transaction. Unlike the Baker Monroe defendants, who plaintiffs allege were directly involved in the fraudulent scheme, the allegations concerning Reinsch relate only to his representation of plaintiffs. Plaintiffs were located in California, and Reinsch was located in Florida. Reinsch is not alleged to have done anything whatsoever directed at Illinois itself.[2] The distinction the Court drew was not between fraudulent or negligent conduct, as the Baker Monroe defendants contend. Rather, the distinction focused on the relationship between Reinsch, Illinois, and the litigation. *See id.* at 284. Simply, Reinsch did nothing to purposefully avail himself of Illinois's jurisdiction by allegedly negligently representing plaintiffs.

The Court also denies the Baker Monroe defendants' motion to certify. An order is appropriately certified for interlocutory appeal under 28 U.S.C. § 1292(b) if: (1) the order "involves a controlling question of law"; (2) there is "substantial ground for difference of opinion" as to that question; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." The Baker Monroe defendants fail to point to any case that suggests a "substantial ground for difference of opinion" as to whether a fraudulent scheme involving several Illinois properties subjects a defendant to jurisdiction in Illinois, despite the opportunity to file an additional memorandum for that very purpose.[3]

The Baker Monroe defendants' motion to reconsider or to certify a question of law for an immediate appeal, R. 210, is denied.

ENTERED:

*Thomas M Durkin*

Dated: November 1, 2018

Honorable Thomas M. Durkin
United States District Judge

---

[2] Since the Court's opinion, the allegations regarding Reinsch have been amended, and it remains to be seen whether Reinsch will remain in the case.

[3] *Ryan v. Michiana Hardwoods, Inc.*, 2000 WL 1648953 (N.D. Ill. Nov. 1, 2000), which defendants cite, is inapplicable. The property at issue there was located in Michigan, not Illinois, and thus the court properly found that Illinois could not exercise jurisdiction over the defendants.